UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RODNEY C. TURNER,

    Plaintiff,

-against-

CHRISTOPHER DEITRICH, SR., shield no. 5558,
and OFFICER WASIAK, shield no. 5162, individually
and as a police officers of the Suffolk County, New York,
Police Department and COUNTY OF SUFFOLK,

    Defendants.
-----------------------------------------------------------------X

JURY TRIAL DEMANDED
Docket No.: CV
  ( )( )

CV-09 1125
SPATT, J.
BOYLE, M.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 18 2009 ★
LONG ISLAND OFFICE

## COMPLAINT

### Introductory Statement

1. This is an action for damages sustained by a citizen of the United States against police personnel of the Suffolk County, New York, Police Department who, falsely arrested and maliciously prosecuted him and against the County of Suffolk (hereinafter "County"), the employer of the above referred to police officers, which is sued as a person under 42 U.S.C. §1983 because of its condonation of such police misconduct as that complained of herein.

Plaintiff also invokes the court's supplemental jurisdiction with respect to common law claims of malicious prosecution asserted against defendants Dietrich, Sr. and County.

### Jurisdiction

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth Amendment to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 (1), (2), (3), (4) and the aforementioned statutory and constitutional provisions; as indicated supra, plaintiff also invokes this court's supplemental jurisdiction.

3. The amount in controversy exceeds $150,000.00 excluding interest and costs.

1

## Parties

4. Plaintiff was, at all times relevant to the allegations of this complaint, and still is, a citizen of the United States and a resident of the County of Suffolk, State of New York.

5. At all times relevant hereto, defendants Dietrich, Sr. and Officer Wasiak were employed by the Suffolk County, New York, Police Department as police officers. They are sued individually and in their official capacities.

6. The defendant County of Suffolk is a municipal corporation within the State of New York and, at all times relevant to the allegations of this complaint, it acted under color of law and employed defendants Dietrich, Sr. and Wasiak as police officers.

7. At all times relevant to the allegations of this complaint and in all their actions described herein, defendants Dietrich, Sr. and Wasiak were acting as agents, servants and employees of the County, and they were acting under color of law and pursuant to their authority as police officers of the County Police Department.

## Factual Allegations

8. At or about 12:50 AM, on or about June 12, 2006, without probable cause therefore, plaintiff was arrested by police officers Dietrich, Sr. and Wasiak, who acted jointly; arrest was predicated upon plaintiff's alleged commission of the offense of driving while intoxicated while seated in his car which was located in the driveway of plaintiff's home.

9. The arrest was accomplished without probable cause because the alleged driving was not on a public highway and an essential element of the offense of DWI could not be established.

10(a). On June 12, 2006, without probable cause therefor, defendant Dietrich, Sr. went before a police Sergeant and falsely swore that plaintiff committed the offense of DWI,

thereby, without probable cause, causing the commencement of a persecution of plaintiff on a charge of driving while intoxicated, a misdemeanor, punishable by one (1) year in jail.

10(b).  On June 12, 2006, without probable cause therefor, defendant Wasiak falsely swore that plaintiff committed the offenses of driving while uninsured, driving while his vehicle was uninspected and driving with an expired registration, thereby without probable cause, causing the commencement of prosecution on these charges.

11(a).  The prosecutions were commenced and pursued maliciously for some purpose or purposes personal to defendants Deitrich, Sr. and Wasiak including the purpose of building up statistics with respect to the lodging of charges.

11(b).  On June 5, 2007, Hon. Howard Bergson, a judge of the County District Court, dismissed the charges of uninsured, uninspected and expired registration and the prosecutions thereon were thereupon terminated wholly in favor of plaintiff; on December 19, 2007, J. Bergson dismissed the DWI charge and the prosecution thereon was thereupon terminated wholly favorably to plaintiff.

12.   As a result of the abuse and official misconduct hereinbefore described, plaintiff sustained damage, including incarceration, loss of the privilege to drive, incurring the obligation to pay a fee to secure return of his license; experienced emotional distress, fright and humiliation; in addition, plaintiff was otherwise damaged, including incurring and/or paying the attorney's fee for his criminal defense.

13.   The mistreatment to which plaintiff was subjected was consistent with an institutionalized practice of the County Police Department which was known to and approved of by

the municipality, the latter defendant having at no time taken any effective action to prevent defendants Dietrich, Sr. and Wasiak from continuing to engage in such misconduct as that complained of herein.

14. Defendant County authorized, tolerated as institutionalized practices and approved of the misconduct hereinbefore referred to by:

(a) failing to properly train, discipline, restrict and control employees, including defendants Dietrich, Sr. and Wasiak known to be irresponsible in their dealings with citizens of the community;

(b) failing to take adequate precautions in the hiring, assignment and retention of police personnel, including specifically defendants Dietrich, Sr. and Wasiak;

(c) failing to forward to the office of the District Attorney of Suffolk County evidence of criminal acts committed by police personnel;

(d) failing to establish and/or assure the functioning of a <u>bona fide</u> and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints by confronting citizens with bureaucratic power and official denials, calculated to mislead the public; the above referred to conduct also constitutes gross negligence under sate law; and

(e) establishing and continuing in effect a counterfeit internal "investigative" procedure calculated to assure police, and having the effect of assuring police, that citizens' complaints made against them will be taken lightly, thereby proximately causing the abuse of which plaintiff complains.

15. As a consequence of the abuse of authority detailed above, including the County's condonation of official misconduct, plaintiff sustained the damages hereinbefore alleged.

4

16. The allegations set forth in paragraphs 1 through 15 are incorporated herein by reference.

17. The hereinbefore described actions and omissions, engaged in under color of state authority be defendants, including defendant County, sued as a person, responsible, because of its authorization, condonation and/or approval of the acts of its agents, deprived plaintiff of rights and immunities secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment rights to be free from an unreasonable seizure of his person and from malicious prosecution.

## Supplemental Claim

18. The allegations set forth in paragraphs 1 through 17 are incorporated herein by reference.

19. Heretofore, plaintiff timely and properly caused a duly verified notice of claim to be served on the Office of the Suffolk County Attorney and upon defendant Dietrich, Sr.; the factual allegations thereof are incorporated herein by reference.

20. More than thirty (30) days have elapsed since the above referred to service and settlement or adjustment of plaintiff's claims has been neglected or refused.

21. The acts and conduct hereinbefore alleged constitute malicious prosecution as against defendants Dietrich, Sr. and County under the laws of the State of New York.

22. The County is liable under the doctrine of respondent superior for the acts and conduct of the defendant Dietrich, Sr. as well as for those of all other County employees.

23. This court has jurisdiction to hear and determine plaintiff's supplemental claims of malicious prosecution which are asserted against defendants Dietrich, Sr. and County.

WHEREFORE, plaintiff demands the following relief against the defendants:

(a) Compensatory damages, jointly and severally against all of the defendants, in an amount to be determined by the jury

(b) Punitive damages against the individual defendant, in amounts to be determined by the jury and

(c) Such other and further relief, including costs and reasonable attorney's fees, as this court may deem appropriate.

Dated: Islip Terrace, New York
       March 16, 2009

Yours, etc.,

_____
ARTHUR V. GRASECK, JR. /6285/
Attorney for Plaintiff
1870 Spur Drive South
Islip Terrace, NY 11752-1513
(631) 513-3787

6